**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MEDICAL TECHNOLOGY ASSOCIATES II INC. <br><br>     v. <br><br> CARL W. RAUSCH & WORLD TECHNOLOGY EAST II LIMITED | CIVIL ACTION <br><br> NO. 21-1095 |

<u>**AMENDED MEMORANDUM RE: DEFENDANTS' MOTION**</u>
<u>**TO DISQUALIFY COOLEY, LLP**</u>

**I.      Introduction**

Defendants Carl W. Rausch ("Rausch") and World Technology Est II Limited ("World Technology") have filed a motion to disqualify Cooley LLP ("Cooley") from continued representation of Plaintiff Medical Technology Associates II ("MTA2") on the basis that Cooley had simultaneously represented Defendants and Plaintiff as counsel on issues central to this case, including allocation of intellectual property between the parties (Doc. No. 49).

**II.      Background**

Defendant Rausch started MTA2, a medical technology firm based in Hong Kong, in 2008.  After multiple rounds of investment, Rausch went from the sole shareholder to owning approximately 45% of the company by 2019.

**October 26, 2018** – Engagement Agreement between Cooley LLP and MTA2 is signed by Rausch.  The Engagement Agreement explicitly states that the relationship is between Cooley LLP and the entity itself (that is, MTA2).

**January 30. 2019** – Cooley LLP exchanges a Supplemental Engagement Letter with MTA2 for patent related matters, Rausch signs Engagement Letter on behalf of MTA2 but the agreement once again states that the engagement is between Cooley LLP and MTA2 only.

**October 11, 2019** – Cooley LLP files first patent for MTA2, naming Rausch as the sole inventor.  At Rausch's direction, the application listed MTA2 as the Applicant and acknowledged Rausch as obligated to assign the invention of MTA2.

On December 12, 2019, board members of MTA2 terminated Rausch as CEO of MTA2.In March 2021, Cooley filed this lawsuit on behalf of Plaintiff MTA2 against Defendants Rausch and World Technology seeking a declaration that MTA2 and not Rausch or World Technologies, is the true owner of the intellectual property at issue.  Complaint ¶¶ 64-69.  This includes USPTO filings (provisional applications and assignments) that were drafted and filed by Cooley on behalf of the MTA2.  Complaint ¶¶ 22, 25-27.  The Complaint also seeks other declaratory and monetary relief for the benefit of MTA2 and adverse to World Technology and Rausch, Complaint ¶¶ 70-97.

Defendants move this Court to disqualify Cooley, LLP from representing Plaintiff on the basis that it had previously represented Rausch and World Technology prior to Rausch's departure from MTA2.

## III.    Parties' Contentions

Defendants argue that they were Cooley's clients prior to the instant lawsuit even in absence of a signed retainer agreement.   In support of this assertion, Defendants submit Rausch's Declaration, where Rausch states that he sought legal advice from Cooley on behalf of himself and World Technologies prior to this lawsuit regarding intellectual property and finance.  Defendants allege that Cooley drafted and filed documents transferring Rausch's interests in an invention to World Technology, and filed several provisional patent applications on Rausch's behalf as inventor (despite the fact that Rausch had not assigned interest in MTA2).

Defendants argue that Cooley's continued representation of MTA2 is barred by Pennsylvania Rules of Professional Conduct 1.7 (Conflict of Interest Among Current Clients) or 1.9 (Duties to Former Clients).

Defendants first argue that the RPC 1.7 "hot potato" rule applies, which bars lawyers from dropping one client "like a hot potato" in order to "avoid conflict with another, more remunerative client" Int'l Longshoreman's Ass'n, Local Union 1332 v. International Longshoreman's Ass'n, 909 F. Supp. 287, 293 (E.D. Pa. 1995). Defendants argue that Cooley dropped Rausch as soon as he was fired from the board in order to solely represent MTA2 in its efforts to secure intellectual property rights from Rausch and World Technologies. In the alternative, Defendants argue that RPC 1.9 applies because Rausch and World Technologies are, in their view, former clients of Cooley who represented them in intellectual property matter which are at issue in the present case.

Plaintiffs contend Cooley never represented World Technology or Rausch individually, that Defendants and Cooley never signed an engagement letter, and Defendants have waived any conflict by delay.

## IV.    Legal Standard

A district court "may disqualify an attorney only when 'disqualification is an appropriate means of enforcing the applicable disciplinary rule,' keeping in mind 'any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions" Jackson v. Rohm & Haas Co., 366 F. App'x 342, 347 (3d Cir. 2010) (quoting United Sates v. Miller, 624 F.2d 1198 1201 (3d Cir. 1980)); Mumma v. Bobali Corp., 382 F. App'x 209, 210 (3d Cir. 2010). Disqualification is a harsh measure which is generally disfavored by the courts, and courts have an obligation to prevent parties from using

disqualification motions for tactical purposes. Id. (citing Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992)).

Waiver is a valid basis for the denial of a motion to disqualify.  A court will consider the length of the delay in bringing the motion to disqualify, when the movant learned of the conflict whether the movant was represented by counsel during the delay, why the delay occurred, and whether disqualification would result in prejudice to the nonmoving party.  In particular, the court should inquire whether the motion was delayed for tactical reasons.  Jackson v. Rohm & Haas Co., No. CIV. A. 05-4988, 2008 WL 3930510, at *2 (E.D. Pa. Aug. 26, 2008).

A finding of waiver is justified when a former client was "concededly aware of the former attorney's representation of an adversary but failed to raise an objection promptly when he had an opportunity.  In [this] circumstance, the person whose confidences and secrets are at risk of disclosure or misuse is held to have waived his right to protection from that risk." INA Underwriters Ins. Co. v. Nalibotksy, 594 F. Supp. 1199, 1204 (E.D. Pa. 1984)) (emphasis added).

## V.    Issues

After hearing on this case on November 2, 2021, by Order dated January 20, 2022 (Doc. No. 105), the Court attached a Chronology of Events that the Court believed were material to the Motion to Disqualify Counsel filed by Defendants and gave counsel for both parties an opportunity to supply comments, objections or to propose additions to the chronology. The submitted proposals and counterproposals by counsel were basically advocacy statements.

Review of counsels' responses do not demonstrate that either counsel asserted substantive or substantial errors in the Court's Chronology.  Thus, the Court will not consider the recent filings

by both counsel and will proceed to decide the Motion to Disqualify the Cooley Firm based on facts stated in the chronology.

One salutary fact that requires the Court to deny the Motion to Disqualify is the failure of Defendants to adequately document they were ever Cooley's clients. *[1] As the chronology shows, Cooley was retained in 2015 by Plaintiff MTA2.  The Individual Defendant, Carl Rausch, was an officer of MTA2, Cooley was counsel for MTA2 but asserts it never represented Mr. Rausch individually, or the Corporate Defendant, World Technology.  Defendants have not presented sufficient evidence to support their contention. Furthermore, it appears to be undisputed that Defendant Rausch was terminated by Plaintiff and started to work for World Technology.

Defendants do not have the right to force MTA2 to give up its representation by Cooley merely because of Rausch's employment as an officer of MTA2.  Although Cooley may be in possession of a lot of information about Defendants, this fact does not provide grounds for disqualification.  Given the ability of companies to terminate officers or employees, whether for good cause or not, does not result in the employer having to give up representation by a law firm. Defendants' arguments ignore the significant difference between representation of a corporation, and an individual who is serving as an individual/employee of the corporation.  This distinction is fundamental to corporate legal structures, which this Court must respect.

The Court also rejects Defendants' reliance on any facts that would allow the Court to find an "implied attorney relationship" between Cooley and Rausch.  The Court also finds that

---

[1] Defendants rely on an Amended Declaration of Carl W. Rausch (Doc. No. 51) and Exhibit D, a letter on Cooley's stationary dated December 11, 2019, entitled "Engagement Agreement" bearing the signature of both Ms. Maya Deehr, Esq. and signed by both Deehr on behalf of Cooley and by Rausch on behalf of World Technology.  MTA2 disputes the validity of this document and asserts, with factual support, that Ms. Deehr's assistant erroneously sent this document to World Technology without knowing that Rausch had been removed from MTA2's Board and CEO just hours earlier (see ECF 64-9 at ¶ 19).  Rausch never sent back to Cooley a counter signed copy of the letter (ECF 102-24, Rausch T.265 4-7).

Defendants unduly delayed any Motion to Disqualify Cooley, and thus, waived any right to require this Court to disqualify Cooley. *[2]

      For all these reasons, the Motion to Disqualify the Cooley Law Firm (Doc. No. 49) is **DENIED**.

O:\CIVIL 21\21-1095 Medical Tech Asso v. Rausch\21cv1095 Order re Defendants' Motion to Disqualify

---

[2] Defendants are not correct that Cooley must be disqualified because Cooley lawyers may have to testify in this dispute. Whether a particular lawyer personally involved in this case, and also personally involved in prior communications with defendants must be disqualified from testifying in this case is a more limited issue that need not be decided now.